UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DARDEN, JR.

                Petitioner,         Case No. 2:16-cv-11127
                                                     Hon. Gerald E. Rosen

v.

CARMEN PALMER,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

This is a habeas case filed by Michigan prisoner Edward Darden, Jr. ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court convictions of second-degree murder, MICH. COMP. LAWS § 750.317, reckless driving causing death, MICH. COMP. LAWS § 257.626(4), reckless driving causing serious impairment, MICH. COMP. LAWS § 257.626(3), failure to remain at the scene of an accident causing death, MICH. COMP. LAWS § 257.617(3), and failure to remain at the scene of an accident resulting in serious impairment. MICH. COMP. LAWS § 257.617(2). Petitioner was sentenced to a string of concurrent terms of imprisonment, the longest of which is a term of 25 to 40 years for the second-degree murder conviction.

The petition raises two claims: (1) insufficient evidence was presented at trial to sustain his conviction for second-degree murder, and (2) Petitioner's convictions for both failure to stop at the scene of an accident causing death and failure to stop at the scene of an accident resulting in serious impairment violate his right against double jeopardy. The Court finds that both of Petitioner's claim are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a

certificate of appealability, and it will deny him permission to proceed on appeal in forma pauperis.

I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from his involvement in a car accident that killed one person and seriously injured another. The accident occurred when defendant, the driver of a Dodge Ram pickup truck traveling at a high rate of speed in a residential area, while under police surveillance, disregarded a red traffic signal at an intersection and collided with a minivan that had entered the intersection on a green signal. After the collision, defendant and two other passengers from the pickup truck fled on foot. The driver of the minivan was killed and a front-seat passenger in the minivan sustained numerous serious injuries.

*People v. Darden*, No. 314562, 2014 WL 2619444, at *1 (Mich. Ct. App. Jun. 12, 2014).

Following his conviction and sentence as indicated above, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant's conviction for second degree murder must be vacated where the prosecution failed to present legally sufficient evidence on an essential element of the crime, viz., that defendant Darden acted in wanton and willful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm.
>
> II. Defendant's multiple convictions in count 4 (failure to stop at accident scene resulting in death) and count 5 (failure to stop at accident scene resulting in serious impairment or death) violated state and federal double jeopardy principles.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Darden*, 857 N.W.2d 46 (Mich. 2014) (table).

II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. Where, as here, the Michigan Court of Appeals rejected a petitioner's appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, the state courts' decision are entitled to deference under § 2254(d)(1). See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.

III. Analysis

A. Sufficiency of the Evidence

Petitioner's first claim asserts that the prosecution submitted constitutionally insufficient evidence to demonstrate that he acted with malice as required for second-degree murder under Michigan law. The Michigan Court of Appeals addressed and reasonably rejected this claim on the

3

merits during Petitioner's appeal of right.

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 318-19 (internal citation and footnote omitted).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. See *Cavazos v. Smith*, 565 U.S. 1 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id*. Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065, 182 L. Ed. 2d 978 (2012).

The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. Petitioner was

convicted of second-degree murder. In Michigan, the common law crime of murder is defined as second degree murder, and is punishable by up to life imprisonment. See MICH. COMP. LAWS § 750.317. To establish second degree murder, the prosecution must show that the defendant committed a homicide with malice aforethought. In order to show malice aforethought, the prosecution must establish one of three mental states on the part of the defendant at the time of the killing: (1) intent to kill; (2) intent to commit great bodily harm; or (3) intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm. See *People v. Goecke*, 457 Mich. 442, 464 (1998).

Petitioner contends that the prosecution presented insufficient evidence of malice aforethought. The trial record, however, allowed a rational trier of fact to find that Petitioner possessed the third form of malice. Petitioner drove a stolen truck recklessly in a populated residential area. Dkt 9-9, at 181-182. He was driving between 15 and 25 miles an hour over the speed limit. Id. at 181, 201-202. Petitioner appeared to swerve towards an oncoming police officer in an attempt to run him off the road. Id. at 182. The incident occurred during the late morning when there were numerous other vehicles driving. Id. at 197. Petitioner ignored a red traffic signal and crashed into the minivan that was traveling through the intersection through a green light. Id. at 110-111. The collision occurred at such a high rate of speed that the minivan was plowed off of the street and onto the sidewalk. Id. at 183. Finally, despite the fact that the occupants of the other car were severely injured, Petitioner fled the scene on foot. Id. at 147.

From this evidence, a rational jury could conclude that during the police chase Petitioner intended to create a very high risk of death or great bodily harm with knowledge that such was likely to result. See *Goecke*, 457 Mich. at 471-72; *Hoskinson v. Bock*, 8 Fed. Appx. 558, 560-61 (6th Cir. 2001) (intoxicated driver convicted of second-degree murder where he failed to stop his vehicle after

hitting child). In light of the evidence regarding Petitioner's conduct during the chase, it cannot be said that the jury's verdict was "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. It follows that the state court's rejection of this claim was reasonable, and Petitioner is therefore not entitled to habeas relief on this claim.

B. Double Jeopardy

Petitioner's second claim asserts that his convictions for both failure to remain at the scene of an accident resulting in death and failure to remain at an accident scene resulting in serious impairment violate the Double Jeopardy Clause of the Fifth Amendment. The Michigan Court of Appeals rejected the claim on the basis that the two offenses involved different victims. *Darden*, No. 314562, 2014 WL 2619444, at *2.

The Double Jeopardy Clause states that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The Clause is "applicable to the States through the Fourteenth Amendment," *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988), "[a]nd it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), overruled in part on other grounds by *Alabama v. Smith*, 490 U.S. 794 (1989).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

*Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014).

"Where crimes against persons are involved . . . a separate interest of society has been invaded with each victim and . . . where two persons are assaulted, there are two separate offenses." *People v. Lovett*, 90 Mich. App. 169, 174 (1979). As the state appellate court aptly noted, the two

convictions challenged by this claim involved different victims - the first related to the deceased victim, Rebecca Feijoo, and the second related to the grievously injured victim, Michelle Williams. The court of appeals therefore correctly concluded that the Petitioner's multiple convictions did not violate double jeopardy principles. The claim is without merit.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issued. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claims are devoid of merit. Therefore, the Court denies a certificate of appealability.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

                                                    s/Gerald E. Rosen  
                                                    United States District Judge

Dated:  November 2, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2016, by electronic and/or ordinary mail.

                                                    s/Julie Owens  
                                                    Case Manager, (313) 234-5135